## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHERRY SPENCE, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:16-CV-1411 |
| | : | (Judge Nealon) |
| v. | : | |
| | : | |
| COLORADO TECHNICAL | : | |
| UNIVERSITY, | : | |
| Defendant | : | |

## MEMORANDUM

### I.    BACKGROUND

On July 8, 2016, Plaintiff, Sherry Spence, filed the above-captioned action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").  (Doc. 1).  Named as the sole Defendant is Colorado Technical University, which Plaintiff alleges has a principal place of business located at 4435 North Chestnut Street, Colorado Springs, Colorado 80907.  (Id. at p. 2).

Plaintiff, a resident of Erie, Pennsylvania, claims that "[b]eginning sometime during 2015 and continuing thereafter, Defendant placed repeated telephone calls to Plaintiff's cellular telephone number."  (Id.).  Defendant allegedly contacted Plaintiff, "on average, multiple times every other day."  (Id.).  According to Plaintiff, "Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff."  (Id. at p. 3).  Moreover, she claims that these "telephone calls were not made for

'emergency purposes;' rather, Defendant was attempting to contact Plaintiff regarding their educational programs." (Doc. 1, p. 3).  She also alleges that "on more than one occasion in 2015 and 2016, Plaintiff spoke with Defendant's callers to advise them she no longer wanted to be contacted on her cellular telephone after the calls began in 2015, revoking any consent that may have been previously given to Defendant to contact" Plaintiff.  (Id.).  She claims that Defendant "heard Plaintiff's instructions to stop calling her." (Id.).  "However," Plaintiff alleges, "Defendant refused to update its records to restrict telephone calls to Plaintiff's cellular telephone" and "continued to call Plaintiff on her cellular telephone." (Id. at pp. 3-4).

Based on the foregoing, Plaintiff claims Defendant violated section 227(b)(1)(A)(iii) of the TCPA "by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone." (Id. at p. 5).  She seeks "actual damages," "[s]tatutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B)," [t]reble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)," "[i]njunctive relief pursuant to 47 U.S.C. § 227(b)(3)," and "[a]ny other relief deemed appropriate by" the Court. (Id. at p. 6).

On September 20, 2016, counsel for the Defendant entered an appearance,

(Doc. 3), and Defendant filed an unopposed motion for an extension of time to respond to the complaint, (Doc. 4).  On September 23, 2016, Defendant's motion for an extension of time to file a response to the complaint was granted and Defendant was given leave to file a response to the complaint on or before October 4, 2016.  (Doc. 7).

As discussed in more detail below, it has been determined that the above-captioned action will be transferred to the United States District Court for the Western District of Pennsylvania.

## II.   DISCUSSION

Where venue is proper, "[t]he applicable statute for transferring an action to another district is 28 U.S.C. § 1404(a)."  Clark v. Foley, 2008 U.S. Dist. LEXIS 71004, at *11 (M.D. Pa. 2008) (Rambo, J.).  Pursuant to section 1404(a):

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).  "'A District Court is granted discretion to sua sponte transfer cases by 28 U.S.C. § 1404(a) . . . .'"  Fisher v. King, 2015 U.S. Dist. LEXIS 152866, at *5 (M.D. Pa. 2015) (Mannion, J.) (quoting Wright v. Pa. Dep't of Corrs., 2015 U.S. Dist. LEXIS 181314, at *3 (W.D. Pa. 2015)).  Notably, "[t]he

convenience and availability of the witnesses is perhaps the most important factor to be considered when a court considers a change of venue." Jackson Nat'l Life Ins. Co. v. Lunt, 2015 U.S. Dist. LEXIS 166415, at *7 (M.D. Pa. 2015) (Conaboy, J.) (citing Hotel Constructors, Inc. v. Seagrave Corp., 543 F. Supp. 1048, 1051 (N.D. Ill. 1982); Schmidt v. Leader Dogs for the Blind, Inc., 544 F. Supp. 42, 48 (E.D. Pa. 1982)).

A court may also transfer a case, upon a motion or sua sponte, pursuant to 28 U.S.C. § 1406(a). See Decker v. Dyson, 165 F. App'x 951, 954 n.3 (3d Cir. 2006) ("Under 28 U.S.C. § 1406(a), a district court, upon a motion or sua sponte, may transfer a case to a court of proper jurisdiction when such a transfer is in the interest of justice."). "Section 1406(a) provides '[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" Hodle v. Jones, 2015 U.S. Dist. LEXIS 162575, at *4 (M.D. Pa. 2015) (Mannion, J.) (quoting 28 U.S.C. § 1406(a)). "Section 1406 . . . applies where the original venue is improper and provides for either transfer or dismissal of the case." Jumara v. State Famr Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995). "According to the Third Circuit, § 1406(a)'s 'transfer provision is designed to preserve claims that rigid application of dismissal rules

4

may bar.'" Hodle, 2015 U.S. Dist. LEXIS 162575, at *5 (quoting Lafferty v. St.

Riel, 495 F.3d 72, 79 (3d Cir. 2007)). "Moreover, '§ 1406(a) transfers do not

require that prejudice should result from filing an action in an improper forum if

the initial filing was made in good faith.'" Id. (quoting Lafferty, 495 F.3d at 79).

"Additionally, 'the filing itself of a lawsuit, even in an improper forum, shows the

proper diligence on the part of the plaintiff which such statutes of limitation were

intended to insure and toll[s] whatever statutes of limitation would otherwise

apply.'" Id. (quoting Lafferty, 495 F.3d at 79). Finally, "[a] district court has

'broad discretion in deciding whether to order a transfer.'" Decker, 165 F. App'x

at 954 n.3 (quoting Caldwell v. Palmetto State Sav. Bank of S.C., 811 F.2d 916,

919 (5th Cir. 1987)); see Lafferty, 495 F.3d at 77 (where plaintiff files suit an

improper forum "district courts are required either to dismiss or transfer to a

proper forum" pursuant to section 1406(a)).

 "As the legal analysis differs based on whether § 1404(a) or § 1406(a)

applies, the Court must first determine" whether the Middle District of

Pennsylvania is a proper venue for this action. Ferratex, Inc. v. Sewer & Drain,

Inc., 121 F. Supp. 3d 432, 436-37 (D.N.J. 2015). Here, Plaintiff relies on 28

U.S.C. § 1391(b)(2) as the basis for venue. (Doc. 1, p. 2). Pursuant to section

1391(b)(2), a civil action may be brought in "a judicial district in which a

substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2).

An evaluation of the complaint reveals that Plaintiff appears to have inadvertently filed the instant action in the wrong district court. Supporting that conclusion is Plaintiff's identification of the "United States District Court for the Western District of Pennsylvania" in the complaint's caption. (Doc. 1, p. 1). Additionally, Plaintiff attached a "JS 44A" case designation sheet to her complaint.[1] See (Doc. 1-1, pp. 2-3). On the JS 44A, inter alia, Plaintiff indicates that the above-captioned action belongs on the "Erie" calendar, which, according to the JS 44A, is appropriate if the "cause of action arose in the counties of Crawford, Elk, Erie, Forest, McKean, Venang[o] or Warren OR any plaintiff or defendant resides in one of said counties." (Id. at p. 2). Furthermore, Plaintiff does not expressly state that any of the alleged actions occurred in the Middle District of Pennsylvania. See (Doc. 1, pp. 1-6). Instead, the alleged actions appear to have occurred while Plaintiff resided in Erie, Pennsylvania, which is located in the Western District of Pennsylvania. See (Id.); (Doc. 1-1); McKeever

---

[1] The JS 44A case designation sheet attached to the complaint is specific to the United States District Court for the Western District of Pennsylvania. (Doc. 1-1, p. 2).

v. McGrady, 2008 U.S. Dist. LEXIS 96403, at *2 (W.D. Pa. 2008) (stating that Erie County, Pennsylvania is "in the Western District of Pennsylvania."). Therefore, it is determined that venue is not proper in the Middle District of Pennsylvania pursuant section 1391(b)(2), which is the sole basis for venue relied upon by Plaintiff. (Doc. 1, p. 2). Rather, considering the allegations in the complaint and its attachments, the Western District of Pennsylvania appears to be a proper venue for this action pursuant to section 1391(b)(2). Consequently, the Court will direct transfer of this litigation to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1406(a).

Additionally, even if venue is proper in the Middle District of Pennsylvania, and thus the Court applied section 1404(a), this action would still be transferred to the Western District of Pennsylvania. Considering that Plaintiff resides in the Western District of Pennsylvania, and Defendant is alleged to have a principal place of business "located at 4435 N. Chestnut Street, Colorado Springs, CO 80907," (Doc. 1, p. 2), a transfer of this matter to the Western District of Pennsylvania would be in the interests of justice and serve the overall convenience of the parties and witnesses.

## III.   CONCLUSION

As noted, the sole basis for venue relied upon by Plaintiff is 28 U.S.C. §

1391(b)(2). (Doc. 1, p. 2). However, based on the complaint and its attachments, venue under section 1391(b)(2) is not proper in the Middle District of Pennsylvania. (Id. at pp. 1-6); (Doc. 1-1). Rather, the complaint and its attachments establish that a proper venue for this matter under section 1391(b)(2) may be the Western District of Pennsylvania. (Id.). Consequently, the above-captioned action will be transferred to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1406(a). Alternatively, even if this Court has proper venue, this matter still would be transferred to the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a) because such a transfer would serve the overall convenience of the parties and be in the interests of justice.

A separate Order will be issued.


**Date**: September 29, 2016                          /s/ William J. Nealon
                                                      **United States District Judge**